EMPIRE STATE ICE COMPANY, INCORPORATED, Respondent, v. ROCHESTER AND LAKE ONTARIO WATER SERVICE CORPORATION, Appellant.— Judgment and order affirmed, with costs. All concur. (The judgment awards damages for injury to plaintiff's machinery caused by break in a water line. The order denies a motion for a new trial on the minutes.) Present — Sears, P. J., Taylor, Edgcomb, Crosby and Lewis, JJ.

In the Matter of the Estate of DOMENICO CHIACOHIRETTA, an Incompetent Person, and Second Intermediate and Supplementary Account of Proceedings of FREDERICK B. ADAMS, as Committee of the Person and Estate of DOMENICO CHIACOHIRETTA, an Incompetent Person.— Order so far as appealed from affirmed, with costs. All concur. (The order settles the accounts of the committee of an incompetent World war veteran.) Present — Sears, P. J., Taylor, Thompson, Crosby and Lewis, JJ.

W. CARLTON JAYNE and HENRIETTA I. JAYNE, His Wife, Appellants, v. GEORGE. G. JAYNE and Others. Respondents.— Judgment and order affirmed, with costs. All concur. (The judgment is for defendants declaring the interests of the parties in two parcels of real property.) Present — Sears, P. J., Edgcomb, Thompson, Crosby and Lewis, JJ.

In the Matter of the Judicial Settlement of the Accounts of the SYRACUSE TRUST COMPANY, as Trustee under the Last Will and Testament of JAMES P. OWEN, Deceased.— Decree so far as appealed from affirmed, with costs. All concur. (The decree settles the accounts of a trustee.) Present — Sears, P. J., Taylor, Thompson and Crosby, JJ.

In the Matter of Proving the Last Will and Testament of JOHN W. POTTER, Deceased.— Decree so far as appealed from and order reversed on the law and facts, with costs, and matter remitted to Surrogate's Court with directions to admit codicil to probate. Memorandum: In support of the probate of the codicil in question the proponents offered testimony by the two attesting witnesses — one of whom was an attorney who had prepared this instrument and had previously acted as counsel for the testator, the attending physician who had treated the testator professionally several times a month for a period of years, the testator's banker, his housekeeper and several business friends. The contestant did not offer the testimony of a physician or an expert in mental diseases to prove that the testator was irrational in 1932 when the codicil was executed. Her case rests upon evidence by lay witnesses which fails to establish the testamentary incapacity of the decedent. A careful review of the entire evidence leads us to conclude that the finding of the jury that on February 19, 1932, the date when the codicil in question was executed, the testator was not of sound and disposing mind and memory, was contrary to and against the weight of evidence. All concur. (The decree denies probate of a codicil. The order denies motion for a new trial on the minutes.) Present — Sears, P. J., Taylor, Edgcomb, Crosby and Lewis, JJ.